UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

KIRA NICOLE TODD,            )
                             )
        Plaintiff            )
                             )
v.                           )    No. 1:18-cv-00302-GZS
                             )
STATE OF MAINE,              )
                             )
        Defendant            )

**ORDER GRANTING LEAVE TO PROCEED IN FORMA PAUPERIS AND
RECOMMENDED DISMISSAL OF THE CASE**

*Pro se* plaintiff, Kira Nicole Todd, seeks *in forma pauperis* status in connection with her complaint that "[t]he Buxton authorities or the State of Maine stole [her] horse" as the result of an "entirely incorrect" charge of cruelty to animals. [Complaint] (ECF No. 1) at 1; Application To Proceed in District Court without Prepaying Fees or Costs ("IFP Application") (ECF No. 3). I grant the plaintiff's request for leave to proceed *in forma pauperis* but recommend that the court dismiss the action without prejudice pursuant to 28 U.S.C. § 1915(e)(2)(B).

**I.   Application To Proceed *in Forma Pauperis***

*In forma pauperis* status is available under 28 U.S.C. § 1915(a)(1). In her IFP Application, the plaintiff declares under penalty of perjury that she has monthly income of $750 in Supplemental Security Income benefits, $350 in cash or in a checking or savings account, regular monthly expenses for property taxes and utilities, and debts or financial obligations in the form of several fines from the State of Maine court. *See* IFP Application. These financial circumstances entitle her to proceed *in forma pauperis*.

1

## II. Section 1915(e)(2)(B) Review

### A. Applicable Legal Standard

The federal *in forma pauperis* statute, 28 U.S.C. § 1915, is designed to ensure meaningful access to the federal courts for those persons unable to pay the costs of bringing an action. When a party is proceeding *in forma pauperis*, however, "the court shall dismiss the case at any time if the court determines[,]" *inter alia*, that the action is "frivolous or malicious" or "fails to state a claim on which relief may be granted" or "seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B).

"Dismissals [under § 1915] are often made *sua sponte* prior to the issuance of process, so as to spare prospective defendants the inconvenience and expense of answering such complaints." *Neitzke v. Williams*, 490 U.S. 319, 324 (1989); *see also Mallard v. United States Dist. Court S.D. Iowa*, 490 U.S. 296, 307-08 (1989) ("Section 1915(d), for example, authorizes courts to dismiss a 'frivolous or malicious' action, but there is little doubt they would have power to do so even in the absence of this statutory provision.").[1]

When considering whether a complaint states a claim for which relief may be granted, a court must assume the truth of all well-plead facts and give the plaintiff the benefit of all reasonable inferences therefrom. *Ocasio-Hernández v. Fortuño-Burset*, 640 F.3d 1, 12 (1st Cir. 2011). A complaint fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 570 (2007).

Although a *pro se* plaintiff's complaint is subject to "less stringent standards than formal pleadings drafted by lawyers," *Haines v. Kerner*, 404 U.S. 519, 520 (1972), this is "not to say that

---

[1] Section 1915(d) was subsequently renumbered to section 1915(e).

pro se plaintiffs are not required to plead basic facts sufficient to state a claim[,]" *Ferranti v. Moran*, 618 F.2d 888, 890 (1st Cir. 1980). To allege a civil action in federal court, it is not enough for a plaintiff merely to allege that a defendant acted unlawfully; a plaintiff must affirmatively allege facts that identify the manner in which the defendant subjected the plaintiff to a harm for which the law affords a remedy. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). As noted, the statute that provides for waiver of the filing fee also requires the court to determine whether the plaintiff's case may proceed. In other words, the plaintiff's complaint must be dismissed if the court finds it to be frivolous or malicious, seeks monetary relief from a defendant who is immune from such relief, or fails to state a claim upon which relief may be granted. 28 U.S.C. § 1915(e)(2)(B). In this regard, a *pro se* plaintiff's complaint must be read liberally. *Donovan v. Maine*, 276 F.3d 87, 94 (1st Cir. 2002).

### B. Factual Background

The plaintiff, a resident of Buxton, Maine, alleges that the "local authorities" initially took her horse, a valuable young stallion, because they did not like the shelter that she had provided for him. Complaint at 1; ECF No. 5 at Page ID # 8. She states that she boarded her horse in another town while she fixed her barn, but the "then chief of police took him anyway[.]" Complaint at 1. After she fixed the barn, the "authorities" refused to return the horse pending the outcome of an animal cruelty case against her. *Id*. Although she "won" the case and her horse was returned to her, the authorities seized him again to pay for their expenses. *Id*. at 1-2. She alleges that her court-appointed lawyer informed her that "they wanted me to pay restitution and all costs of their boarding[,]" and that she "was made to sign a document giving release of ownership, and not able to ever have a horse in Maine[.]" *Id*. at 2. She states that she understood from her lawyer that, if she did not sign, "they would put me in jail for a year, and take my house[.]" *Id*. She alleges that

she informed the judge that she had signed the document under threat, but he did nothing. *Id*. She alleges that she has proof that "basically they stole my horse, and want me to pay for it, [a]nd as mentioned above, threatened me if I decided to plea for a jury court." *Id*. at 3. She adds that when she asked for a lawyer to appeal, the lawyer never returned her calls, and the court would not designate another court-appointed lawyer. *Id*.

## C. Discussion

It is not clear from the face of the plaintiff's complaint whether she "won" her animal cruelty case in the sense that she was not convicted of the crime. In an attempt to clarify the status of that case, I entered an order on December 21, 2018, directing the plaintiff to file, no later than January 4, 2019, the name and docket number of the state court case(s) referenced in her complaint and copies of any records of those state court proceedings that were in her possession. *See* ECF No. 6.

On January 2, 2019, the plaintiff filed 207 pages of documents, a number of which are duplicates, pertaining to *State v. Todd*, YRKCD-CR-2017-22739 (Me.), in which she was charged with the Class D misdemeanor of cruelty to animals in violation of 17 M.R.S.A. § 1031. *See* ECF No. 7 at Page ID # 21. While the plaintiff supplied the docket number of her case, nothing in her filing clarified whether she was convicted of that charge, and her materials understandably did not include a copy of the state court docket sheet. At my request, the Clerk's Office obtained a copy, of which I take judicial notice. However, that document, as well, does not clarify whether the plaintiff was convicted of the animal cruelty charge. I have assumed, favorably to the plaintiff, that she "won" her case in the sense that she did not plead guilty and was not convicted of a crime. Nonetheless, even with that assumption, I conclude that her complaint does not state a claim upon which relief can be granted.

"Federal courts are courts of limited jurisdiction." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). "It is to be presumed that a cause lies outside this limited jurisdiction, and the burden of establishing the contrary rests upon the party asserting jurisdiction." *Id*. (citations omitted). A review of the plaintiff's complaint fails to reveal a basis upon which this court could exercise either federal question jurisdiction or diversity jurisdiction pursuant to 28 U.S.C. §§ 1331 or 1332.

Pursuant to section 1332, federal district courts have original jurisdiction "where the matter in controversy exceeds the sum or value of $75,000 . . . and is . . . between citizens of different States[.]" 28 U.S.C. § 1332(a)(1). The plaintiff does not allege that her horse's value exceeds $75,000, and she names no defendant who is a citizen of a different state. Indeed, she names only the State of Maine as a defendant. *See* IFP Application.

Even construing the complaint liberally as naming as co-defendants the "Buxton authorities" (which I construe to mean the Town of Buxton), the chief of police, the plaintiff's court-appointed lawyer, and the state court judge, *see generally* Complaint, no diversity of citizenship is shown. The complaint, hence, fails to assert a claim within the court's diversity jurisdiction.

Pursuant to section 1331, federal district courts "have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. As I understand her complaint, the plaintiff seeks relief in the form of the return of her horse, seized incident to the animal cruelty case against her. *See generally* Complaint. She identifies no cause of action on which she seeks to recover; however, her complaint reasonably can be construed as an appeal of the state court action or, in the alternative, an action pursuant to the Civil Rights

Act, 42 U.S.C. § 1983, for deprivation of property without due process of law in violation of the Fourteenth Amendment to the U.S. Constitution. *See generally id.*

To the extent that the complaint constitutes an appeal of the state court's disposition of the animal cruelty charge against the plaintiff, this court has no jurisdiction to review the final judgments and decisions of state courts. *See, e.g., Lance v. Dennis*, 546 U.S. 459, 460 (2006) (*per curiam*) ("The *Rooker-Feldman* doctrine prevents the lower federal courts from exercising jurisdiction over cases brought by 'state-court losers' challenging 'state-court judgments rendered before the [federal] district court proceedings commenced.'") (citation omitted). The plaintiff's recourse is to file an appeal in state court.

To the extent that the complaint alleges a claim pursuant to the Civil Rights Act, 42 U.S.C. § 1983, for deprivation of property without due process in violation of the Fourteenth Amendment to the U.S. Constitution or any other federal law, the State of Maine is immune from suit. *See, e.g., Williams v. Cutler*, Docket No. 1:14-cv-539-NT, 2016 WL 1314630, at *5 n.8 (D. Me. Mar. 11, 2016) ("The Eleventh Amendment bars § 1983 suits against states and state agencies.").

Again, even construing the complaint liberally as naming as co-defendants the Town of Buxton, the chief of police, the plaintiff's court-appointed lawyer, and the state court judge, *see generally* Complaint, the complaint fails to state a claim of violation of federal rights pursuant to section 1983.

"To establish § 1983 liability against the Town, [the plaintiff] not only must demonstrate an underlying constitutional violation, but also must show that the violation was caused by a municipal policy, custom, or practice." *Shuper v. Austin*, 2:14-cv-00317-JAW, 2014 WL 12772246, at *9 (D. Me. Dec. 15, 2014). The plaintiff alleges no official policy or persistent,

widespread custom or practice of the Town of Buxton that caused the allegedly unlawful seizure of her horse. *See generally* Complaint.

With respect to the former chief of police, the plaintiff alleges no facts indicating that this individual played a role in the seizure of her horse after she won her animal cruelty case. *See generally id.* Finally, as a matter of law, a court-appointed lawyer is not a "state actor" who can be sued pursuant to 42 U.S.C. § 1983, *Burdick v. Town of Schroeppel*, 5:16-cv-01393 (MAD/TWD), 2017 WL 1284864, at *3 (N.D.N.Y. Apr. 6, 2017), and "[j]udges are absolutely immune from all claims arising from actions taken in their judicial capacity[,]" *Going v. Laprel*, Civil No. 2:14-cv-00031-NT, 2014 WL 6389561, at *5 (D. Me. Nov. 14, 2014).

The plaintiff, hence, has not stated a viable claim within the court's federal question jurisdiction.

### III. Conclusion

For the foregoing reasons, I **GRANT** the plaintiff's application to proceed *in forma pauperis* and recommend that the court **DISMISS** her complaint without prejudice pursuant to 28 U.S.C. § 1915(e)(2)(B) because it seeks relief from a defendant or defendants who are immune from such relief and otherwise fails to state a claim as to which relief can be granted.

### *NOTICE*

*A party may file objections to those specified portions of a magistrate judge's report or proposed findings or recommended decisions entered pursuant to 28 U.S.C. § 636(b)(1)(B) for which de novo review by the district court is sought, together with a supporting memorandum, within fourteen (14) days after being served with a copy thereof. A responsive memorandum shall be filed within fourteen (14) days after the filing of the objection.*

*Failure to file a timely objection shall constitute a waiver of the right to de novo review by the district court and to appeal the district court's order.*

Dated this 18th day of January, 2019.

/s/ John H. Rich III
John H. Rich III
United States Magistrate Judge